IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RASTELLI PARTNERS, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Civ. No. 23-2967 (RBK/AMD) |
| JAMES A. BAKER, *et al.*, | **OPINION** |
| Defendants. | |
| | |
| DF VENTURES, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Civ. No. 23-3126 (RBK/AMD) |
| FOFBAKERS HOLDING COMPANY LLC, *et al.*, | **OPINION** |
| Defendants. | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon Plaintiffs/Counterclaim Defendants DF Ventures, LLC and Daymond John (together, the "DF Counterclaim Defendants") and Plaintiffs/Counterclaim Defendants Rastelli Partners, LLC, Rastelli Brothers, Inc. d/b/a Rastelli Foods Group, Raymond M. Rastelli, Jr. and Raymond Rastelli III's (collectively, the "Rastelli Counterclaim Defendants") (DF and Rastelli Counterclaim Defendants collectively, "Counterclaim Defendants") Motions to Dismiss (Civ. No. 23-2967, ECF No. 65; Civ. No. 23-3126, ECF No. 73) the Counterclaims brought by Defendants/Counter Plaintiffs FOFBakers Holding Company, LLC, Jabezbaker, LLC, James A. Baker a/k/a Al Baker, Brittani Bo Baker,

1

and Sabrina Baker's (collectively, "Counter Plaintiffs"). For the reasons set forth, Counterclaim Defendants' Motions to Dismiss are **GRANTED**.

## I. BACKGROUND

### A. Procedural Background

The Rastelli Counterclaim Defendants initiated the present lawsuit on May 31, 2023, when they filed their complaint (Civ. No. 23-2967, ECF No. 1) and applied orally for a temporary restraining order (TRO) and preliminary injunction against the Bakers. (Civ. No. 23-2967, ECF No. 3). The same day, the Court issued an Order to Show Cause, which denied the TRO application and ordered the Bakers to show cause as to why the Court should not issue a preliminary injunction against them to take down all their social media posts about Counterclaim Defendants and bar them from making similar posts in the future. (*Id.*). The DF Counterclaim Defendants filed a similar complaint on June 7, 2023, (Civ. No. 23-3126, ECF No. 1), and similarly applied for a preliminary injunction and TRO, (Civ. No. 23-3126, ECF No. 5), which the Court dealt with in the same manner. (*Id.*). Since then, both matters have proceeded jointly, although under separate dockets numbers, due to the common questions of fact and law between them.

The Court held an evidentiary hearing on the dispute over six days beginning June 13, 2023, and ending July 5, 2023. (Civ. No. 23-2967, ECF Nos. 13, 15, 22–24, 26; Civ. No. 23-3126, ECF Nos. 18–19, 31, 35–37). At the end of the June 14 hearing date, the Court consolidated the preliminary injunction hearing with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2), thus turning the proceeding into an application for a permanent injunction. (Civ. No. 23-2967, ECF No. 31, Hr'g Tr. on Order to Show Cause at 310). On July 21, 2023, the Court issued an Opinion and Order in each case that granted the permanent

injunctions against Counter Plaintiffs. (Civ. No. 23-2967, ECF Nos. 41–42; Civ. No. 23-3126, ECF Nos. 47–48). As required by Federal Rule of Civil Procedure 52(a), each Opinion specified the Court's findings of facts and conclusions of law. (Civ. No. 23-2967, ECF No. 41; Civ. No. 23-3126, ECF No. 47). The Orders forever prohibited the Bakers and their officers, agents, servants, employees, and attorneys from making any kind of public negative comments or encouraging anyone else to make any negative comments that would disparage, defame, or otherwise adversely impact the Counterclaim Defendants' reputations. (Civ. No. 23-2967, ECF No. 42; Civ. No. 23-3126, ECF No. 48).

Following the conclusion of the evidentiary hearing, the Counter Plaintiffs on August 22, 2023, answered Counterclaim Defendants' initial complaints, (Civ. No. 23-2967, ECF No. 45 at 1–13; Civ. No. 23-3126, ECF No. 52 at 1–16), and filed a Counterclaim ("Countercl.") in each case (together, the "Counterclaims"). (Civ. No. 23-2967, ECF No. 45 at 14–29; Civ. No. 23-3126, ECF No. 52 at 17–31). The Counterclaim against the DF Counterclaim Defendants asserts three claims: (1) breach of fiduciary duty; (2) breach of contract; and (3) a demand for expulsion, dissolution, or reorganization of FOFBakers Holding Company, LLC ("FOFBakers, LLC"). (Civ. No. 23-3126, Countercl. 27–31).[1] The Counterclaim against the Rastelli Counterclaim Defendants asserts the same three claims and adds a fourth: a demand for accounting. (Civ. No. 23-2967, Countercl. ¶¶ 91–118). Counterclaim Defendants filed the present Motions to Dismiss (together, the "Motions") on September 26, 2023, along with supporting briefs ("Countercl. Def.'s Br."). (Civ. No. 23-2967, ECF No. 65-1; Civ. No. 23-3126, ECF No. 74). Counter Plaintiffs opposed the Motions on October 23, 2023 ("Opp'n Br."). (Civ. No. 23-2967, ECF No.

---

[1] Because the paragraphs in this Counterclaim are misnumbered, the Court uses the page numbers generated automatically by the ECF system rather than paragraph numbers when citing to this document.

3

77; Civ. No. 23-3126, ECF No. 87). Counterclaim Defendants replied on October 30, 2023 ("Reply Br."). (Civ. No. 23-2967, ECF No. 81; Civ. No. 23-3126, ECF No. 90).[2]

### B.     Factual Background

The facts on which the Court relies in analyzing the present Motions differ from those typically considered at the motion to dismiss stage. Typically, the Court must limit its review to the face of the counterclaim and accept the facts alleged there as true. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826, 835 (3d Cir. 2011). Here, however, as part of its Opinions granting the permanent injunctions against Counter Plaintiffs, the Court already made factual findings and reached legal conclusions on matters that Counter Plaintiffs now re-raise in their Counterclaims. *See* (Civ. No. 23-2967, ECF No. 41; Civ. No. 23-3126, ECF No. 47). As discussed below in more depth, those factual findings and legal conclusions are the "law of the case," a doctrine that limits the ability of a party to relitigate an issue once it has been decided in an earlier stage of the same case. *See Hamilton v. Leavy*, 322 F.3d 776, 786–87 (3d Cir. 2003). Therefore, after briefly recounting the origins of this lawsuit, the Court recites the findings of facts and conclusions of law from its previous Opinions, which provide the factual and legal basis on which the Court assesses the viability of Counter Plaintiffs' Counterclaims.

#### i.     *General Background*

The Bakers and Mr. John met in 2013 through the television show Shark Tank, where the former appeared to present their business selling boneless ribs. (Civ. No. 23-2967, Countercl. ¶¶ 19–21). The family and Mr. John launched a joint business venture, which by 2015 had expanded to include all the parties to this lawsuit. (*Id.* ¶¶ 22–25, 29–30). A breakdown in the

---

[2] All citations to specific pages of the parties' briefs use the page numbers generated automatically by the ECF system.

relationship led to an earlier lawsuit, in 2019, the resolution of which set the stage for this case. (*Id*. ¶ 40).

> ii. *Factual Findings and Legal Conclusions Regarding Rastelli Counterclaim Defendants*

As set forth in the Court's July 21, 2023, Opinion regarding the Rastelli Counterclaim Defendants ("Rastelli Opinion" or "Rastelli Op."), the parties in September 2019 entered into a Settlement Agreement ("2019 Settlement Agreement") to resolve their disagreements. (Civ. No. 23-2967, ECF No. 41, Rastelli Op. 4). Contemporaneous to the 2019 Settlement Agreement, the parties also executed (1) an Amended FOFBakers, LLC Operating Agreement ("Amended OA"), (2) an Addendum to the Amendment to the Operating Agreement ("Addendum to the OA"), and (3) the Supplement to the Amendment to the Operating Agreement ("Supplement to the OA") (collectively, the "Settlement Documents"). (*Id*.). The Settlement Agreement is valid and enforceable. (*Id*. at 5, 18).

The Settlement Documents contained several provisions relevant to the present Motions. First, they contained a mutual non-disparagement provision. (*Id*. at 5). Second, they required the Rastelli Counterclaim Defendants to expend at least $1.5 million to purchase raw materials, market and promote the company, and provide for other company and product-related expenses. (*Id*. at 11–12). Third, the Settlement Documents required the Rastelli Counterclaim Defendants to keep "true and accurate records of all Products sold" and to permit Counter Plaintiffs to audit those records. (*Id*. at 12–13). Fourth, they required the Rastelli Counterclaim Defendants to make certain payments to Counter Plaintiffs: a share of gross receipts of product sales and a monthly expense and benefits stipend for Al Baker. (*Id*. at 15–16).

The Court found that Counter Plaintiffs breached the 2019 Settlement Agreement's non-disparagement provision through numerous social media posts and comments, whereas the

Rastelli Counterclaim Defendants committed no breach whatsoever. (*Id*. at 18–22). Regarding the latter conclusion, the Court specifically found that the Rastelli Counterclaim Defendants did expend at least $1.5 million as required. (*Id*. at 12, 21). It found that Counter Plaintiffs never invoked their audit rights under the Settlement Documents and that the Rastelli Counterclaim Defendants sent monthly financial reports to Counter Plaintiffs, the accuracy of which was not challenged at the evidentiary hearing. (*Id*. at 13–14). And it found that the Rastelli Counterclaim Defendants made all the required payments to Counter Plaintiffs for gross receipts and Mr. Baker's stipend. (*Id*. at 16). In sum, the Court concluded, "the Rastellis are in full compliance with the 2019 Settlement Agreement and the Amended OA and did not commit any material breaches." (*Id*. at 22).

The Court considered and rejected another argument raised by Counter Plaintiffs at the evidentiary hearing that has become a recurring theme during this litigation. Counter Plaintiffs argued that "the Rastellis violated some agreement obligations first, thus excusing any potential breach on their part." (*Id*. at 20). For example, Counter Plaintiffs asserted "that the Rastellis did not use commercially reasonable efforts to produce and sell the product (or any product), which resulted in a material breach of the Amended OA and thus excuses Defendants' own obvious breach of the 2019 Settlement Agreement." (*Id*.). The Court, however, found that the Rastellis *did* use commercially reasonable means to produce and sell the product, including in trying to find an alternate pork supplier when their first supplier pulled out. (*Id*. at 20–21). Therefore, Counter Plaintiff's own breach was not excusable on this basis.

      *iii.*    <u>*Factual Findings and Legal Conclusions Regarding DF Counterclaim Defendants*</u>

The factual findings and conclusions of law set forth in the Court's July 21, 2023, Opinion regarding the DF Counterclaim Defendants ("DF Opinion" or "DF Op.") are similar to

6

those described above. (Civ. No. 23-3126, ECF No. 47). The DF Counterclaim Defendants were bound in 2019 by the same Settlement Documents as the other parties. (*Id*. at 5). The Court found that the Counter Plaintiffs breached the 2019 Settlement Agreement's non-disparagement provision. (*Id*. at 12–14). The DF Counterclaim Defendants, on the other hand, "complied with all the agreements, at all times. John and [DF Ventures, LLC] never breached a duty owed to Defendants under the 2019 Settlement Agreement, the Amended OA, the Addendum to the OA, or the Supplement to the OA." (*Id*. at 14). Here, too, the Court rejected Counter Plaintiffs' argument that their breach was excused by a prior breach on the part of the DF Counterclaim Defendants. (*Id*.).

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Standard[3]

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which the court can grant relief. A motion to dismiss a counterclaim is decided by the same standard as a motion to dismiss a complaint. *See* Fed. R. Civ. P. 12(b); *United Capital Funding Group, LLC v. Remarkable Foods, LLC*, Civ. No. 21-3291, 2023 WL 5722910, at *2 (D.N.J. Sept. 5, 2023). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it

---

[3] The Court here provides the legal standard to assess a motion to dismiss in the typical case. As discussed below, however, this case is atypical in that the Court does not accept the allegations in the Counterclaims as true but rather relies on the factual findings and legal conclusions set forth in its Opinions on July 21, 2023. (Civ. No. 23-2967, ECF No. 41; Civ. No. 23-3126, ECF No. 47).

7

contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 679).

### B. Law of the Case Doctrine

"The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier stage of the same litigation." *Hamilton*, 322 F.3d at 786–87 (quoting *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)). In other words, the doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *In re Continental Airlines, Inc.*, 279 F.3d at 233 (internal quotation marks and citations omitted). A long-recognized situation in which the law of the case doctrine applies is when a trial court rules on a matter and then the same legal question is raised a second time before the same court. *See* Allan D. Vestal, *Law of the Case: Single Suit Preclusion*, 12 Utah L. Rev. 1, 4, 15–20 (1967).

District courts retain the power to depart from the law of the case, however, when there is a "strong justification" for doing so. 18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478 (3d ed. 2023). A court may appropriately reconsider matters previously decided when "(1) there has been an intervening change in the law; (2) new evidence has become available; or (3) reconsideration is necessary to prevent clear error or a manifest injustice." *Am. Civ. Liberties Union v. Mukasey*, 534 F.3d 181, 188 (3d Cir. 2008) (citations omitted).

In granting a permanent injunction, a district court makes factual findings and reaches legal conclusions that become the law of the case. Granting a permanent injunction requires the court to adjudicate the merits of a party's claims. *See Ciba-Geigy Corp. v. Bolar Pharm. Co., Inc.*, 747 F.2d 844, 850 (3d Cir. 1984) ("In deciding whether a permanent injunction should be issued, the court must determine if the plaintiff has actually succeeded on the merits (*i.e.* met its burden of proof)."); *see also Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.") (citation omitted). Thereafter, a court may properly refuse a party's request to relitigate the factual findings and legal conclusions that underpin its decision to grant a permanent injunction. *Cf. SI Handling Sys., Inc. v. Heisley*, Civ. No. 83-1336, 1985 WL 4286, at *2 (E.D. Pa. Dec. 5, 1985) (remarking that the judge's prior determination of an issue at the preliminary injunction stage "does not become the law of the case or otherwise bind the court at the stage of final adjudication of the merits for injunctive relief since there has been no order of consolidation pursuant to Fed. R. Civ. P. 65(a)(2) in this case.").

**III.     DISCUSSION**

The Court addresses two preliminary matters before turning to the substance of the Counterclaims. First, Counter Plaintiffs again raise alleged defects with service of process in each of these cases. (Civ. No. 23-2967, Countercl. ¶¶ 1–10; Civ. No. 23-3126, Countercl. 17–18); (Opp'n Br. 10–11). They argue that "this Court should find that service was never properly completed," (Opp'n Br. 11), and that their answer and counterclaims were timely filed. (*Id.*); (Civ. No. 23-2967, Countercl. ¶ 10; Civ. No. 23-3126, Countercl. 18). Counterclaim Defendants do not challenge the timeliness of Counter Plaintiffs' filings, so the Court accepts them as timely filed. Counter Plaintiffs' argument regarding defective service, however, was considered and squarely rejected in the Court's Opinions granting the permanent injunction. *See* (Civ. No. 23-2967, Rastelli Op. 3; Civ. No. 23-3126, DF Op. 3) ("[W]e find service adequate and, to the extent it was not, we find that Defendants waived any issues they had with service of process by responding to Plaintiffs' allegations and participating during the entire hearing without once raising a service of process issue until now."). The Court will not revisit this issue, which has already been decided.

Second, the law of the case doctrine clearly applies to the present Motions. As discussed below, Counter Plaintiffs ask the Court to reconsider numerous factual and legal issues that it already decided in its Opinions granting the permanent injunctions. At risk of repetition, the Court granted the permanent injunctions after consolidating the preliminary injunction hearing attended by Counter Plaintiffs with a *trial on the merits* pursuant to Federal Rule of Civil Procedure 65(a)(2). (Civ. No. 23-2967, ECF No. 31, Hr'g Tr. on Order to Show Cause at 310). The Court is thus entitled to treat its factual findings and legal conclusions as the law of the case unless Counter Plaintiffs can show that reconsideration is appropriate. They cannot. Counter

10

Plaintiffs do not argue in either their Counterclaims or their brief in opposition to the Motions that there has been an intervening change in the law or that new evidence has come to light. *See Am. Civ. Liberties Union*, 534 F.3d at 188. Nor do they succeed in showing why the Court's refusal to revisit matters already decided would result in "clear error or manifest injustice." *Id*. Counter Plaintiffs argue that they "have not had a chance to address or defend the merits of the broader claims set forth in" Counterclaim Defendants' pleadings and thus they "should not be estopped or foreclosed from answering or contesting the substantive allegations" made there. (Opp'n Br. 9–10). These statements are not entirely accurate. While it is true that underlying causes of action in Counterclaim Defendants' original complaints remain pending, Counter Plaintiffs *did* have the chance to address many of the factual and legal issues raised in their Counterclaims during the permanent injunction hearing. Accordingly, applying the law of the case doctrine, the Court will not permit the Counter Plaintiffs to relitigate issues that were already decided in its Opinions granting the permanent injunctions. The Court will apply its previously announced findings of facts and conclusions of law to its analysis of the present Motions to the extent that Counter Plaintiffs raise the same issues.

The Court now turns to the substance of the Counterclaims. The Counterclaims assert the same three claims against both the Rastelli and DF Counterclaim Defendants: (1) breach of fiduciary duty; (2) breach of contract; and (3) a demand for expulsion, dissolution, or reorganization of FOFBakers, LLC. (Civ. No. 23-2967, Countercl. ¶¶ 91–113; Civ. No. 23-3126, Countercl. 27–31). The Counterclaim against the Rastelli Counterclaim Defendants adds a fourth claim: a demand for accounting. (Civ. No. 23-2967, Countercl. ¶¶ 114–18). The Court considers each claim in turn and finds that Counter Plaintiffs uniformly fail to state a claim on which relief can be granted.

11

### A.     Count I: Breach of Fiduciary Duty

Counter Plaintiffs allege that both the Rastelli and DF Counterclaim Defendants breached their fiduciary duties. They allege that the Rastellis committed a "dereliction of [their] responsibilities under the operating agreements, particularly evidenced by its failure to secure a product supplier" and "by failing to properly account to the Bakers for their share of income." (Civ. No. 23-2967, Countercl. ¶¶ 96–97). They also allege that Daymond John failed to take any action consistent with his role as brand ambassador. (Civ. No. 23-3126, Countercl. 28).

Under New Jersey law, "the elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary relationship between the parties; (2) the breach of the duty imposed by that relationship; and (3) damages or harm to the plaintiff caused by said breach." *SalandStacy Corp. v. Freeney*, Civ. No. 11-3439, 2012 WL 959473, at *12 (D.N.J. Mar. 21, 2012) (citing *McKelvey v. Pierce*, 800 A.2d 840, 859–60 (N.J. 2002)); *see also Diaz v. Bank of New York*, Civ. No. 15-1954, 2016 WL 111420, at *4 (D.N.J. Jan. 11, 2016) (stating same). The New Jersey Revised Uniform Limited Liability Company Act ("NJRULLCA") specifies the standards of conduct for members and managers in member-managed and manager-managed LLCs. N.J. Stat. Ann. § 42:2C-39.[4]

Counter Plaintiffs cannot plausibly plead the second element required to state a claim for breach of fiduciary duty. In its July 21, 2023, Opinions, the Court found that both the Rastelli and DF Counterclaim Defendants were in full compliance with the 2019 Settlement Documents. In reaching that conclusion, Court specifically found that the Rastellis used commercially

---

[4] The parties disagree whether the provisions regulating member-managed LLCs or manager-managed LLCs apply here. *See* (Civ. No. 23-2967, Countercl. ¶ 93; Civ. No. 23-3126, Countercl. 28); (Civ. No. 23-3126, ECF No. 87, Countercl. Def.'s Br. 11–12). The Court need not reach this issue because it finds that there was no breach whatsoever by Counterclaim Defendants.

12

reasonable means to try to secure a new pork supplier; that the Rastellis fulfilled their accounting obligations and made all required payments to Counter Plaintiffs; and that Daymond John never breached a duty owed to Counter Plaintiffs. As such, Counter Plaintiffs cannot plausibly plead that Counterclaim Defendants breached any duty imposed by a fiduciary relationship. This Count must be dismissed.

### B. Count II: Breach of Contract

Counter Plaintiffs next allege that the Rastelli and DF Counterclaim Defendants breached numerous contractual duties under the 2019 Settlement Documents. (Civ. No. 23-2967, Countercl. ¶¶ 102–03; Civ. No. 23-3126, Countercl. 29).

Under New Jersey law, "[a]n agreement to settle a lawsuit is a contract, which like all contracts, may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce as it does other contracts." *Brundage v. Est. of Carambio*, 951 A.2d 947, 961–62 (N.J. 2008) (quotation marks and citations omitted). To prevail on a claim for breach of contract, a plaintiff must prove four elements:

> first, that the parties entered into a contract containing certain terms; second, that plaintiffs did what the contract required them to do; third, that defendants did not do what the contract required them to do, defined as a breach of the contract; and fourth, that defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs.

*Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (cleaned up) (citing *Model Jury Charge (Civil)* § 4.10A (May 1998)).

For the same reasons Count One was dead on arrival, this claim is, too. The Court has already found that Counterclaim Defendants did not breach any aspect of the 2019 Settlement Documents. Counter Plaintiffs cannot now relitigate that very issue. This Count is dismissed.

### C. Count III: Demand for Expulsion, Dissolution, or Reorganization of FOFBakers, LLC

Counter Plaintiffs next make a demand for the dissolution and reorganization of FOFBakers, LLC, based on the allegation that the Rastelli and DF Counterclaim Defendants "have breached their contractual duties under the operating agreement" by failing perform critical business functions and by failing to discharge their role as brand ambassador, respectively. (Civ. No. 23-2967, Countercl. ¶ 109; Civ. No. 23-3126, Countercl. 30).

Under § 42:2C-46(e)(2) of the NJRULLCA, a court may expel an LLC member "on application by the company" where the member "has willfully or persistently committed, or is willfully and persistently committing, a material breach of the operating agreement or the person's duties or obligations under" N.J. Stat. Ann. § 42:2C-39.[5]

As stated, Counterclaim Defendants were in full compliance with the 2019 Settlement Documents. Therefore, Counter Plaintiffs cannot plausibly plead the breach element needed to state a claim under N.J. Stat. Ann. § 42:2C-46(e)(2) for dissolution and reorganization of FOFBakers, LLC. Count Three is dismissed.

### D. Count IV: Demand for Accounting (against Rastelli Counterclaim Defendants only)

Finally, Counter Plaintiffs direct a demand for accounting at the Rastelli Counterclaim Defendants. Without citing a specific code section, the Counter Plaintiffs allege that "[t]he RULLCA provides default statutory rights to members including the right to compel an

---

[5] The Counterclaim Defendants argue that the Counter Plaintiffs here "are *not* FOFBakers, and are representing their own interests rather than the interests of the company for purposes of this matter, so they do not have the authority to make this application to the Court." (Civ. No. 23-3126, ECF No. 87, Countercl. Def.'s Br. 15) (emphasis in original). Here, again, the Court need not reach this issue because it finds that there was no breach whatsoever by Counterclaim Defendants.

accounting for the financial records of the LLC" and that the Rastelli Counterclaim Defendants have "withheld requested financial records from the [Counter Plaintiffs], their co-managing LLC members, on various occasions in spite of frequent and timely demands from the Bakers to provide access to same." (Civ. No. 23-2967, Countercl. ¶¶ 116, 118).

The Court is unsure as to which section of the RULLCA Counter Plaintiffs allude, but it makes little difference. Contrary to Counter Plaintiffs' assertions, the Court already ruled in its July 21, 2023, Opinions that Counter Plaintiffs never invoked their audit rights under the Settlement Documents and, further, that the Rastelli Counterclaim Defendants sent monthly financial reports to Counter Plaintiffs such that the Rastelli Counterclaim Defendants were in full compliance with the 2019 Settlement Documents. The Court rejects the attempt by Counter Plaintiffs to relitigate this issue. Court Four is dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Counterclaim Defendants' Motions to Dismiss (Civ. No. 23-2967, ECF No. 65; Civ. No. 23-3126, ECF No. 73) the Counterclaims are **GRANTED**. Counter Plaintiffs' Counterclaims (Civ. No. 23-2967, ECF No. 45 at 14–29; Civ. No. 23-3126, ECF No. 52 at 17–31) are **DISMISSED with prejudice** in their entirety. An Order follows.


Dated:    April 23, 2024                                        /s/ Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge