# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RASTELLI PARTNERS, LLC,** *et al.*,<br><br>        Plaintiff,<br><br>    v.<br><br>**JAMES A. BAKER a/k/a AL BAKER,** *et al.*,<br><br>        Defendants. | Case No. 23–cv–02967–ESK–AMD<br><br>OPINION |
| **DF VENTURES, LLC,** *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>**FOFBAKERS HOLDING COMPANY, LLC,** *et al.*,<br><br>        Defendants. | Case No. 23–cv–03126–ESK–AMD |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on defendants James A. "Al" Baker, Brittani Baker, and Sabrina Baker's[1] motions to appoint a receiver and forensic

---

[1] In addition to the individual defendants named above, plaintiffs DF Ventures and Daymond John (DF Plaintiffs) have named FOFBakers Holding Company, LLC and Jabezbaker, LLC as defendants. (Docket No. 23–02967, ECF No. 1 (DF Compl.) pp. 7, 8.) On March 6, 2024, District Judge Robert B. Kugler (Ret.) granted defendants' counsel's motion to withdraw. (Docket No. 23–02967, ECF No. 104; Docket No. 23–03126, ECF No. 101 (collectively Mar. 6, 2024 Withdrawal Or.).) Upon being assigned to this case, I entered an order noting that limited liability companies cannot proceed *pro se* and provided defendants 30 days to retain counsel. (Docket No. 23–03126, ECF No. 120.) I later denied defendants' then-pending motion for mediation and to stay due to defendants' failure to retain counsel for the limited liability companies and directed the Clerk's Office to enter default against the limited liability companies. (Docket No. 23–03126, ECF No. 124.) To date, it appears as

accountant and block the creation of a trust (Docket No. 23–02967, ECF No. 125; Docket No. 23–03126, ECF No. 116 (collectively Defs.' Appointment Mots.)), motions for judicial notice (Docket No. 23–02967, ECF No. 126; Docket No. 23–03126, ECF No. 117 (collectively Defs.' Judicial Notice Mots.)), and motions for leave to amend their motions to appoint (Docket No. 23–02967, ECF No. 133; Docket No. 23–03126, ECF No. 122 (collectively Defs.' Am. Mots.)). For the following reasons, defendants' motions will be DENIED.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Rastelli Partners, LLC, Rastelli Brothers, Inc., Raymond M. Rastelli, Jr., and Raymond Rastelli, III (Rastelli Plaintiffs) filed suit against defendants on May 31, 2023 asserting nine counts including breach of fiduciary duties, tortious interference with prospective business and contractual relations, and defamation. (Docket No. 23–02967, ECF No. 1 (Rastelli Compl.).) DF Plaintiffs filed suit against defendants and the related limited liability companies on June 7, 2023 alleging defamation, breach of contract, and breach of fiduciary duties. (DF Compl.) The crux of both actions is the parties' joint business venture and defendants' spread of confidential information and disparaging remarks in the press and social media in violation of the confidentiality provision of the parties' operating agreement and non-disparagement clause in an earlier settlement agreement. (Rastelli Compl. pp. 24–32; DF Compl. pp. 21–38.)

Rastelli Plaintiffs made an oral application for a temporary restraining order and preliminary injunction. (Docket No. 23–02967, ECF No. 3 (Rastelli Or. Show Cause) p. 1.) DF Plaintiffs moved for a preliminary injunction. (Docket No. 23–03126, ECF No. 3.) Judge Kugler denied the requests and entered orders directing defendants to show cause why injunctive relief should

---

though defendants do not intend to retain counsel. (*See* Docket No. 23–03126, ECF No. 154.)

not be provided. (Rastelli Or. Show Cause; Docket No. 23–03126, ECF No. 5.) Joint evidentiary hearings were held for both cases. (Docket No. 23–02967, ECF Nos. 13, 15, 22, 23, 24, 26; Docket No. 23–03126, ECF Nos. 18, 19, 31, 35, 36, 37.) On June 14, 2023, Judge Kugler converted the hearings to a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). (Docket No. 23–02967, ECF No. 53 p.194:21–24; Docket No. 23–03126, ECF No. 63 p.194:21–24.)

Judge Kugler thereafter issued two opinions and corresponding orders. (Docket No. 23–02967, ECF No. 41 (July 21, 2023 Rastelli Op.), ECF No. 42; Docket No. 23–03126, ECF No. 47 (July 21, 2023 DF Op.), ECF No. 48.) Judge Kugler found that the settlement agreement was valid, enforceable, and breached by defendants. (July 21, 2023 Rastelli Op. pp.5, 18–20; July 21, 2023 DF Op. pp.5, 12–14.) Plaintiffs, meanwhile, did not materially breach any duty owed to defendants and, in the case of Rastelli Partners, arguably went beyond their obligations in the provision of relevant data. (July 21, 2023 Rastelli Op. pp.20–22; July 21, 2023 DF Op. p.14.) Judge Kugler further concluded that defendants' actions had led to reputational harms for plaintiffs and that permanent injunctive relief was warranted. (July 21, 2023 Rastelli Op. pp.23, 25, 26; July 21, 2023 DF Op. pp.14, 15, 18.) Judge Kugler later granted plaintiffs' motions for attorney's fees with instructions to provide supporting affidavits and documentation. (Docket No. 23–02967, ECF No. 46; Docket No. 23–03126, ECF No. 54.) Defendants sought reconsideration. (Docket No. 23–02967, ECF No. 50; Docket No. 23–03126, ECF No. 58.)

Defendants further answered and asserted counterclaims of breach of fiduciary duty; breach of contract; demand for expulsion, dissolution, and/or reorganization; and—with respect to Rastelli Plaintiffs—a demand for an accounting. (Docket No. 23–02967, ECF No. 45 (Defs.' Answer Rastelli Compl.); Docket No. 23–03126, ECF No. 52.) Plaintiffs moved to dismiss

defendants' counterclaims. (Docket No. 23–02967, ECF No. 65; Docket No. 23–03126, ECF No. 73.) Shortly thereafter, on October 16, 2023, defendants' counsel moved to withdraw—citing payment issues and breakdowns in communication. (Docket No. 23–02967, ECF Nos. 74, 74–1; Docket No. 23–03126, ECF Nos. 84, 84–1.)

Judge Kugler denied defendants' motions for reconsideration as to attorney's fees and awarded a combined $316,900.46 to plaintiffs in fees and costs. (Docket No. 23–02967, ECF Nos. 102, 103; Docket No. 23–03126, ECF Nos. 99, 100.) That same day, Judge Kugler granted defendants' counsel's motion to withdraw. (Mar. 6, 2024 Withdrawal Or.)

On April 23, 2024, Judge Kugler filed a joint opinion (Docket No. 23–02967, ECF No. 105; Docket No. 23–03126, ECF No. 102 (collectively Apr. 23, 2024 Op.)) dismissing defendants' counterclaims with prejudice and entered a corresponding order, (Docket No. 23–02967, ECF No. 106; Docket No. 23–03126, ECF No. 103). Judge Kugler dismissed defendants' breach-of-fiduciary duty and breach-of-contract claims as well as their demand for expulsion, dissolution, and/or reorganization based on his earlier finding that plaintiffs complied with the settlement documents. (Apr. 23, 2024 Op. pp. 12–14.) He further rejected defendants' demand for an accounting based on their failure to invoke their audit rights and Rastelli Plaintiffs' provision of monthly financial reports and compliance with the settlement documents. (*Id.* p. 15.)

These cases were reassigned to me following Judge Kugler's retirement. (Docket No. 23–02967, ECF No. 111; Docket No. 23–03126, ECF No. 107.) Upon my assignment, I received a flurry of duplicative letters from defendants raising concerns about how litigation has and will continue to proceed. (Docket No. 23–02967, ECF Nos. 114, 115, 116, 117, 118, 119; Docket No. 23–03126, ECF Nos. 109, 110, 111, 112, 113, 114.) Counsel for Rastelli Plaintiffs

responded, contesting the issues raised by defendants. (Docket No. 23–02967, ECF No. 122.)

In response to Rastelli Plaintiffs' counsel's representation that "[t]his firm has no recollection of ever advising the Defendants not to contact us directly," (*id.* p. 5), defendants filed the pending motions for judicial notice (Defs.' Judicial Notice Mots.). The motions are premised on Rastelli Plaintiffs' counsel's July 25, 2023 email to defendants' then-counsel instructing that all communications be made through respective attorneys. (*Id.* pp. 1, 2.)

That same day, defendants moved for the appointment of a receiver and independent forensic accountant and for the Court to block Rastelli Partners, LLC from restructuring into an irrevocable trust. (Defs.' Appointment Mots.) Defendants premise the need for such relief on alleged exclusion from key communication and decision-making, discovery of sales under Rastelli branding, and potential misappropriation of funds. (*Id.* p. 3.) They later filed their motions for leave to amend based on the mistaken inclusion of a limited-liability defendant that is not a defendant in the Rastelli matter. (Defs.' Am. Mots. pp. 1, 2.)[2]

Rastelli Plaintiffs filed oppositions to each of the pending motions. (Docket No. 23–02967, ECF No. 127 (Rastelli Opp'n Appointment Mots.), ECF No. 129 (Rastelli Opp'n Judicial Notice Mots.), ECF No. 134.) DF Plaintiffs filed a letter in response to the motions to appoint and for judicial notice. (Docket No. 23–03126, ECF No. 118 (Sept. 3, 2024 DF Letter).)[3] No reply was filed by defendants.

---

[2] Although defendants filed motions under both dockets, they assert that the motion "is focused exclusively on the Rastelli Partners, LLC case (No: 1:23–cv–02967) and the issues directly related to that docket." (Defs.' Am. Mots. p. 4.)

[3] The letter notes that while the plaintiffs' cases were consolidated for the purposes of adjudicating their requests for permanent injunctions, "the claims and relief being sought … is being sought against the Rastelli Plaintiffs and not the [DF]

5

## II. STANDARDS

Defendants do not cite to case law or other legal authorities in their motions to appoint. I therefore conclude that the motions, at least in so far as they seek to prevent the creation of a trust, are most logically interpreted as motions for a preliminary injunction. *See Collazzo v. Guarducci*, Case No. 15–02838, 2015 WL 2412251, at *1 (D.N.J. May 20, 2015) ("A court must liberally construe a document filed pro se."). To obtain a preliminary injunction, the movant must first demonstrate both a likelihood of success on the merits and that it will more likely than not suffer irreparable harm without preliminary relief. *Mallet and Co. Inc. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021). If both factors are met, the court moves on to the two remaining factors: whether granting the requested relief will result in an even greater harm to the nonmovant or other interested party and whether the public interest favors relief. *Id.* Courts balance the four factors in determining whether injunctive relief is warranted. *Id.*

District courts have discretion to appoint a receiver in "a proper case," including "to avert … loss of assets through waste and mismanagement." *Citizens Bank, N.A. v. Nostrum Lab'ys, Inc.*, Case No. 23–20765, 2024 WL 3199951, at *6 (D.N.J. June 27, 2024) (omission in original) (quoting *Tanzer v. Huffines*, 408 F.2d 42, 43 (3d Cir. 1969)). The appointment of a receiver interferes with one's right to control their property, thus such appointment should only be made when there is a necessity and the movant clearly demonstrates that an emergency exists and a receiver is necessary to protect their interests. *Nissan Motor Acceptance Corp. v. Infiniti of Englewood, LLC*,

---

Plaintiffs." (Sept. 3, 2024 DF Letter p. 1.) DF Plaintiffs further agree with Rastelli Plaintiffs' opposition to defendants' motions to appoint. (*Id.* p. 2.) Though the Court generally disfavors "me-too" letters, DF Plaintiffs' letter will be accepted given the nature of the motions and relief sought, which the Court agrees most directly implicates Rastelli Plaintiffs.

6

Case No. 18–17228, 2023 WL 5321035, at *2 (D.N.J. Aug. 17, 2023). Though "[t]here is no precise formula" guiding courts in whether to appoint a receiver, appointments are generally limited to instances in which the movant "has 'an equitable interest in the property to be seized or ... judgments that cannot otherwise be satisfied,' and there is either 'a showing of fraud or the imminent danger of property being lost, injured, diminished in value or squandered, and where legal remedies are inadequate'" *Citizens Bank, N.A.*, 2024 WL 3199951, at *6 (quotations omitted) (omission in original) (quoting *Leone Indus. v. Associated Packaging, Inc.*, 795 F. Supp. 117, 120 (D.N.J. 1992)). Court should further consider whether less severe measures may protect the movant's rights before appointing a receiver. *Id.*

An accounting is an equitable remedy, meaning that there must not be an adequate remedy at law. *Rainbow Apparel, Inc. v. KCC Trading, Inc.*, Case No. 09–05319, 2010 WL 2179146, at *6 (D.N.J. May 26, 2010). Accountings further require the existence of 1) a trust or fiduciary relationship, 2) an account complex in character, and 3) a need for discovery. *Id.*

Finally, a court may take judicial notice at any stage of a proceeding. Fed. R. Evid. 201(d). Courts may take judicial notice of "a fact that is not subject to reasonable dispute" due to it being generally known within the court's territorial jurisdiction or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Examples of sources for such facts include almanacs, calendars, census data, encyclopedias, and maps. 21B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §5106.2 (2d ed. 2024).

### III. DISCUSSION

#### A. Defendants' Appointment Motions

Rastelli Plaintiffs urge me deny the appointment motions without reaching their merits. The requested relief is, in essence, injunctive and does

7

not relate to any existing pleading or petition, according to Rastelli Plaintiffs. (Rastelli Opp'n Appointment Mots. pp. 10, 11.) Defendants are without standing to pursue the relief sought and their speculative assertions are not ripe for adjudication. (*Id.* p. 14.) Rastelli Plaintiffs assert that the law of the case prevents granting defendants the requested relief and that the appointment motions constitute improper and untimely motions for reconsideration submitted in an effort to be relieved from Judge Kugler's prior orders. (*Id.* pp. 15–17.)

On the merits, Rastelli Plaintiffs contend that defendants have not even attempted to meet the high standards for the relief sought. (*Id.* pp. 19–22.) Defendants have a less drastic measure available to them—exercise of their audit rights—that they refuse to utilize and, instead, seek to rewrite the amended operating agreement by placing the cost on Rastelli Plaintiffs. (*Id.* pp. 23–26.) Finally, Rastelli Plaintiffs state that they have no intention of restructuring Rastelli Partners, LLC, but that defendants' request is nonetheless without support and premised on either a misunderstanding or gamesmanship. (*Id.* pp. 26, 27.)

I agree with Rastelli Plaintiffs that defendants' motions to appoint seek to rehash issues already resolved by Judge Kugler. Most obvious is the request that an independent forensic accountant be appointed. Defendants included a demand for an accounting in their counterclaims against Rastelli Plaintiffs, alleging that Rastelli Plaintiffs "breached their contractual duties under the operating agreement by failing to engage in critical functions to the company" and "withheld requested financial records." (Defs.' Answer Rastelli Compl. pp. 28, 29.) Judge Kugler dismissed this claim with prejudice, noting that defendants had not invoked their audit rights and that Rastelli Plaintiffs provided monthly financial reports and were in full compliance with the settlement documents. (Apr. 23, 2024 Op. p. 15.)

If defendants disagreed with Judge Kugler's dismissal of their demand for an accounting, their recourse was to file a motion for reconsideration. Motions for reconsideration are to be filed within 14 days of the entry of the relevant order. L. Civ. R. 7.1(i). Untimeliness alone serves as a reason to deny a motion for reconsideration. *See Mitchell v. Twp. of Willingboro Mun. Gov't*, 913 F. Supp. 2d 62, 78 (D.N.J. 2012). Further, I have previously expressed my reservations about using motions for reconsideration as means for revisiting the decisions of fellow judges. *See Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, Case No. 12–02999, 2024 WL 4471447, at *3 (D.N.J. Oct. 10, 2024).

Of course, there is no untimely motion for reconsideration in front of me. Instead, defendants move to appoint a receiver and an independent forensic accountant and to block the purported restructuring of Rastelli Partners, LLC. This relief is premised on defendants' alleged exclusion from business operations, sales, decision-making, and communications; plaintiffs' alleged failure to provide financial reports and sales information—particularly with respect to Rastelli-branded products; plaintiffs' potential misappropriation of funds; and the need to prevent restructuring that would further exclude defendants. (Defs.' Appointment Mots. p. 3.)

If these allegations ring familiar, it is because they have been litigated throughout this case and have been resolved by Judge Kugler. In his July 21, 2023 opinions, Judge Kugler expressly considered and rejected arguments that plaintiffs breached obligations owed to defendants. (July 21, 2023 Rastelli Op. pp. 20–22; July 21, 2023 DF Op. p. 14.) Of particular note, Judge Kugler found that Rastelli Plaintiffs "arguably went beyond the duties they owed" by providing Brittani Baker with administrative access to view online customer data in addition to regular monthly reports. (July 21, 2023 Rastelli Op. p. 22.) Defendants failed to produce any evidence that the monthly reports were inaccurate or additional information was owed to them. (*Id.*)

9

"The law of the case doctrine is a set of rules 'developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Brennan v. William Paterson Coll.*, 34 F. Supp. 3d 416, 427 (D.N.J. 2014) (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478 (2d ed.)). Judge Kugler noted in his April 23, 2024 opinion that the law of the case applied to the dismissal of defendants' counterclaims because defendants essentially sought reconsideration of factual and legal issues already decided upon in granting permanent injunctive relief. (Apr. 23, 2024 Op. pp. 10, 11.) Judge Kugler then proceeded to dismiss defendants' counterclaims based upon his prior findings that plaintiffs fully complied with the settlement documents, defendants were provided with monthly reports, and defendants never exercised their audit rights. (*Id.* pp. 12–15.)

The allegations underpinning defendants' appointment motions have therefore already been ruled upon in granting plaintiffs' requests for injunctive relief and dismissing defendants' counterclaims.[4] With those issues decided, I decline to grant relief related to those allegations. *See Rouse v. II–VI Inc.*, 658 F. App'x 21, 23 (3d Cir. 2016) (noting that the motion for injunctive relief was predicated on previously addressed claims and the law of the case doctrine

---

[4] Insofar as defendants might seek to claim that their effort to prevent restructuring is distinct from matters already ruled upon, their request must still fail. Preliminary injunctions require "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quotations omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). This places defendants in a bind. The allegations underlying the relief they seek have either already been ruled upon—in which case the law of the case doctrine applies—or were never asserted in their counterclaims—in which case injunctive relief is nevertheless inappropriate.

barred reconsideration). Defendants' appointment motions will therefore be denied.[5]

### B. Defendants' Judicial Notice Motions

Rastelli Plaintiffs claim that the email supporting defendants' motions for judicial notice has been taken out of context. (Rastelli Opp'n Judicial Notice Mots. pp. 7–9.) Defendants were represented at the time of the email and thus refraining from communicating with represented parties was consistent with the Rules of Professional Conduct. (*Id.* pp. 7, 8.) That no longer applies now that defendants are unrepresented and counsel has since communicated with Sabrina Baker in the provision of tax forms requested by defendants. (*Id.* pp. 8, 9; Docket No. 23–02967, ECF No. 129–1.) Judicial notice would be further be inappropriate as the email is subject to disputed interpretation, according to Rastelli Plaintiffs. (Rastelli Opp'n Judicial Notice Mots. pp. 9–11.)

The judicial notice motions are supported by an exhibit email. (Docket No. 23–02967, ECF No. 126–1; Docket No. 23–03126, ECF No. 117–1.) The email was sent from counsel for Rastelli Plaintiffs to defendants' former counsel and reads "[i]n light of the pending litigation and all that has transpired between our clients, I think it best that all communications from the Bakers to any of the Rastelli entities come through your office …." (*Id.*) Defendants contend that "the email in question is a clear, undisputed fact showing that the plaintiffs' counsel instructed the defendants not to contact them directly." (Defs.' Judicial Notice Mots. p. 2.)

---

[5] Because I will deny defendants' appointment motions, I will also deny defendants' amendment motions as moot. The amendment motions seek only to exclude any relief inadvertently requested on behalf of FOF Bakers LLC and focus exclusively on defendants. (Defs.' Am. Mots. p. 5.) Notably, the motions do not "change the substantive relief sought." (*Id.* p. 4.) Because I conclude that defendants are not entitled to the substantive relief sought in the underlying motions, the motions to amend may be dismissed as moot.

District courts possess wide discretion in taking judicial notice. *See S. Annville Twp. v. Kovarik*, 651 F. App'x 127, 132 (3d Cir. 2016) (noting that district courts' judicial-notice decisions are reviewed for abuse of discretion). In exercising that discretion, I have little trouble determining that judicial notice is inappropriate in this instance. The facts alleged are plainly "subject to reasonable dispute." *See* Fed. R. Evid. 201(b). At minimum, a reasonable dispute exists as to whether the email "instructed" defendants at all as opposed to their counsel and whether the email was limited to then-present circumstances of defendants being represented. *See Frolow v. Wilson Sporting Goods Co.*, Case No. 05–04813, 2011 WL 2784093, at *4 (D.N.J. July 12, 2011) (concluding that judicial notice was inappropriate because the appearances of tennis racquets were in dispute). Defendants' motions for judicial notice will therefore be denied.

### IV. CONCLUSION

For the foregoing reasons, defendants' motions to appoint (Docket No. 23–02967, ECF No. 125; Docket No. 23–03126, ECF No. 116), motions for judicial notice (Docket No. 23–02967, ECF No. 126; Docket No. 23–03126, ECF No. 117), and motions to amend their motions to appoint (Docket No. 23–02967, ECF No. 133; Docket No. 23–03126, ECF No. 122) will be DENIED. An appropriate order accompanies this opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: March 31, 2025