UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RASTELLI PARTNERS, LLC,** *et al.*,<br><br>    Plaintiff,<br><br>    v.<br><br>**JAMES A. BAKER a/k/a AL BAKER,** *et al.*,<br><br>    Defendants. | Case No. 23–cv–02967–ESK–AMD<br><br>OPINION |
| **DF VENTURES, LLC,** *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**FOFBAKERS HOLDING COMPANY, LLC,** *et al.*,<br><br>    Defendants. | Case No. 23–cv–03126–ESK–AMD |

**KIEL, U.S.D.J.**

　　**THIS MATTER** is before the Court on defendants James A. "Al" Baker, Brittani Baker, and Sabrina Baker's motion to void orders and fee awards (Docket No. 23–03126, ECF No. 133) and motions for reconsideration (Docket No. 23–02967, ECF No. 171; Docket No. 23–03126, ECF No. 160 (collectively Defs.' Mots. Recons.)).  For the following reasons, defendants' motions will be DENIED.

　　**I.     BACKGROUND AND PROCEDURAL HISTORY**

　　The facts of this case have been recited on multiple occasions and are only repeated here to the extent necessary to resolve the pending motions.

Plaintiffs Rastelli Partners, LLC, Rastelli Brothers, Inc., Raymond M. Rastelli, Jr., and Ray Rastelli, III (Rastelli Plaintiffs) and plaintiffs DF Ventures and Daymond John (DF Plaintiffs) filed suit in 2023 alleging violation of defendants' contractual confidentiality and non-disparagement obligations.  (Docket No. 23–02967, ECF No. 1; Docket No. 23–03126 (DF Case), ECF No. 1.)  District Judge Robert B. Kugler (Ret.) admitted counsel for DF Plaintiffs Lindsey M. Blackwell, Mercedes Colwin, Lawrence H. Fox, and Hannah M. Kucine *pro hac vice*.  (Docket No. 23–03126, ECF Nos. 8, 9, 10, 11.)  He directed each to pay the annual fee to the New Jersey Lawyers' Fund for Client Protection within 20 days and pay $150.00 to the Clerk.  (*Id.*)

Judge Kugler held joint evidentiary hearings for plaintiffs' requests for injunctive relief.  (Docket No. 23–02967, ECF Nos. 13, 15, 22, 23, 24, 26; Docket No. 23–03126, ECF Nos. 18, 19, 31, 35, 36, 37 (collectively Prelim. Inj. Hr'gs).)  On June 14, 2023, Judge Kugler converted the hearings to a trial on the merits pursuant to Federal Rule of Civil Procedure (Rule) 65(a)(2).  (Docket No. 23–02967, ECF No. 53 p. 194:21–24; Docket No. 23–03126, ECF No. 63 p. 194:21–24.)  Judge Kugler ultimately issued opinions and orders in favor of plaintiffs and granted their motions for attorney's fees.  (Docket No. 23–02967, ECF Nos. 41, 42, 46; Docket No. 23–03126, ECF Nos. 47, 48, 54.)  Defendants' motions for reconsideration were denied and Judge Kugler awarded a combined $316,900.46 in fees and costs to plaintiffs.  (Docket No. 23–02967, ECF Nos. 102, 103; Docket No. 23–03126, ECF Nos. 99, 100.)[1]

---

[1] That same day, Judge Kugler granted defendants' counsel's motion to withdraw.  (Docket No. 23–02967, ECF No. 104; Docket No. 23–03126, ECF No. 101.)  After I was assigned the DF Case, I entered an order stating that limited liability companies cannot proceed *pro se* and provided defendants 30 days to retain counsel.  (Docket No. 23–03126, ECF No. 120.)  I later directed the Clerk's Office to enter default against defendant limited liability companies after counsel was not retained.  (Docket No. 23–03126, ECF No. 134.)  Defendants have indicated that they do not intend to retain counsel for the limited liability companies.  (Docket No. 23–03126, ECF No. 154.)

Defendants also answered and asserted counterclaims of breach of fiduciary duty; breach of contract; demand for expulsion, dissolution, and/or reorganization; and—limited to Rastelli Plaintiffs—a demand for an accounting.  (Docket No. 23–02967, ECF No. 45 pp.14–29; Docket No. 23–03126, ECF No. 52 pp.17–31 (collectively Defs.' Counterclaims).)  Judge Kugler dismissed defendants' counterclaims with prejudice in a joint opinion (Docket No. 23–02967, ECF No. 105; Docket No. 23–03126, ECF No. 102 (collectively Apr. 23, 2024 Op.)) and order (Docket No. 23–02967, ECF No. 106; Docket No. 23–03126, ECF No. 103).

These cases were reassigned to me following Judge Kugler's retirement.  (Docket No. 23–02967, ECF No. 111; Docket No. 23–03126, ECF No. 107.)  Following the reassignment, defendants filed motions to appoint a receiver and forensic accountant and block the creation of a trust, for judicial notice, for leave to amend their motions to appoint, and—with respect to the DF Case—to void orders and fee awards.  (Docket No. 23–02967, ECF Nos. 125, 126, 133; Docket No. 23–03126, ECF Nos. 116, 117, 122, 133.)

I denied defendants' motions to appoint, for judicial notice, and for leave to amend in a joint March 31, 2025 opinion (Docket No. 23–02967, ECF No. 166; Docket No. 23–03126, ECF No. 155 (collectively Mar. 31, 2025 Op.)) and order (Docket No. 23–02967, ECF No. 167; Docket No. 23–03126, ECF No. 156).  My denial of defendants' motions to appoint was premised on the relief requested being untimely, already ruled upon by Judge Kugler, or never included in defendants' since-dismissed counterclaims.  (Mar. 31, 2025 Op. pp.8–11, 10 n.4.)  Because the appointment motions were denied, the motions to amend were denied as moot.  (*Id.* p.11 n.5.)  Lastly, I denied defendants' motions for judicial notice as their interpretation of the subject email was open to reasonable dispute.  (*Id.* p.12.)

The pending motions for reconsideration followed.  (Defs.' Mots. Recons.)

3

## II. STANDARDS

Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure and, are instead, governed within this District by Local Civil Rule 7.1(i). *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). Relief under Local Civil Rule 7.1(i) "is an extraordinary remedy that is granted 'very sparingly.'" *Id.* (quoting L. Civ. R. 7.1(i) cmt. 6(d)). To prevail, the movant must present "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (alteration in original) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A court "will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

Defendants and DF Plaintiffs do not provide a proposed standard of review for defendants' motion to void orders and fee awards. A court within this District evaluated a motion to void an order under Rule 60(b)(4) and Rule 60(b)(6). *Jones v. Citigroup Inc.*, Case No. 14–06547, 2015 WL 3385938, at *4 (D.N.J. May 26, 2015). Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for one of six specified reasons. Fed. R. Civ. P. 60(b). Among them are when the judgment is void or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6).

"Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Johnson v. Rardin*, 700 F. App'x 170, 172 (3d Cir. 2017) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). Meanwhile, "Rule 60(b)(6) covers 'extraordinary circumstances where, without such relief, an

4

extreme and unexpected hardship would occur.'" *Heriveaux v. Durkin & Durkin, LLC*, 841 F. App'x 501, 504 (3d Cir. 2021) (quoting *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014)). Relief under Rule 60(b)(6) is only available when Rules 60(b)(1) through 60(b)(5) are inapplicable. *Rogalski v. Laureate Educ., Inc.*, Case No. 20–11747, 2024 WL 4501565, at *2 (D.N.J. Oct. 16, 2024).

### III. DISCUSSION

#### A. <u>Defendants' Motion to Void Orders and Fee Awards</u>

Defendants premise their motion to void orders and fee awards on Blackwell, Colwin, Fox, and Kucine's failure to pay *pro hac vice* fees as directed in the orders granting their admission. (Docket No. 23–03126, ECF No. 146–5 (Defs.' Mot. Void Br.) pp. 5–12.)[2] Counsel's continued participation in the case compromised the integrity and legitimacy of proceedings, according to defendants. (*Id.*) Brittany L. Primavera, while admitted to practice in New Jersey, played a role in the improper actions of other attorneys through inaccurate certifications, failure to address quality control messages, and the like. (*Id.* pp. 12, 13.) In addition to unauthorized practice, defendants argue

---

[2] I was unable to locate cases cited in defendants' original supporting brief and ordered defendants to provide PDF copies of each case cited. (Docket No. 23–03126, ECF No. 141.) Defendants responded by seeking "permission to correct any inadvertent placeholder references" (Docket No. 23–03126, ECF No. 146) and providing a revised brief (Defs.' Mot. Void Br.). While the revised brief omits rather than replaces prior citations, I accept defendants' representation and refer to the revised brief here. Defendants have since filed supplemental counterclaims. (Docket No. 23–02967, ECF No. 182.) I note that I am unable to locate at least one of the cases cited by defendants. Defendants are advised that I will continue to verify citations in their papers and that they have an obligation to ensure that the sources they cite exist, are good law, and support the proposition for which they are offered. *See Bunce v. Visual Tech. Innovations, Inc.*, Case No. 23–01740, 2025 WL 662398, at *3–4 (E.D. Pa. Feb. 27, 2025) (sanctioning an attorney for citing cases that did not exist, did not support his argument, or were no longer good law). Future failures to verify sources may be met with sanctions. *See Richardson v. Cascade Skating Rink*, Case No. 19–08935, 2024 WL 1827318, at *6 (D.N.J. Apr. 25, 2024) (noting that, while *pro se* litigants are provided leeway, they are not immune from Rule 11 sanctions).

that Fox misrepresented his involvement in the company and distorted Judge Kugler's perception of the company's structure and Al Baker's exclusion from decision-making. (*Id.* pp. 16–19.) Defendants ask that all orders, rulings, and fee awards influenced by procedural violations be voided and for counsel to be sanctioned. (*Id.* pp. 20–22.)

Following defendants' motion, the Court received *pro hac vice* fees for Blackwell, Colwin, Fox, and Kucine. (Docket entries after Docket No. 23–03126, ECF No. 136.) DF Plaintiffs' opposition emphasizes that they have been represented by Primavera, a New Jersey-barred attorney, throughout this case. (Docket No. 23–03126, ECF No. 142 p. 2.) The orders granting the other attorneys *pro hac vice* admission were never voided. (*Id.*) DF Plaintiffs submit that the Court should not void orders and fee awards for technical, non-substantive reasons that amount to administrative delay. (*Id.* pp. 2, 3.)

Pursuant to Local Civil Rule 101.1, a court's order granting *pro hac vice* admission shall require payment to the New Jersey Lawyers' Fund for Client Protection and a fee payable to the Clerk. L. Civ. R. 101.1(c)(2)–(3).[3]

Defendants do not specify the orders from which they seek relief with the exception of a total of $110,810.89 in legal fees and costs awarded by Judge Kugler that they submit were improperly granted and should be voided. (Defs.' Mot. Void Br. pp. 13–15.) Though defendants cite several cases on the general principles of voiding orders and sanctions, they do not direct me to any case in which orders were void due to the failure to pay *pro hac vice* fees. I have not found any on my own.

Indeed, in the analogous scenario of an attorney participating in a case before even applying for *pro hac vice* admission, I have found that subsequent

---

[3] Defendants cite to New Jersey Rule of Court 1:21–2. (Defs.' Mot. Void Br. pp. 5, 15.) Defendants are advised that the New Jersey Rules of Court are applicable to state-court proceedings. *See Wronko v. Martin*, Case No. 16–02288, 2018 WL 4562462, at *3 (D.N.J. Sept. 24, 2018).

admission may cure any earlier impropriety. *See Richardson*, 2024 WL 1827318, at *3–4. Under similar logic, DF Plaintiffs' subsequent payment of *pro hac vice* fees has adequately cured their earlier noncompliance.

Specific to fee awards, it does not follow that even the failure to obtain *pro hac vice* admission prohibits the awarding of fees. *See United Rentals (N. Am.) Inc. v. Liberty Mut. Fire Ins. Co.*, Case No. 19–17169, 2022 WL 7997043, at *7 (D.N.J. Oct. 14, 2022) (noting that fees have been denied for "egregious instances of unauthorized practice of law" but that the attorneys worked for the same firm and New Jersey lawyers performed most of the work). Defendants do not cite specific examples of orders they seek to void, but Primavera appeared for each of the preliminary-injunction hearings (Prelim. Inj. Hr'gs) and was on the briefs for DF Plaintiffs' motions to dismiss and for attorney's fees, though Colwin signed both (Docket No. 23–03126, ECF Nos. 51–1, 74).

This is not intended to minimize the significance of DF Plaintiffs' delay in paying fees. By failing to timely pay *pro hac vice* fees, DF Plaintiffs risked Judge Kugler declining to grant their full fee request. *See Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 468–69 (D.N.J. 2012) (reducing the fee award of attorneys who failed to seek *pro hac vice* admission). But defendants want more here. They ask that I void fees awarded by Judge Kugler for attorneys that he admitted *pro hac vice*. I have expressed my general reluctance to revisit the decisions of fellow judges. *See Newborn Bros. Co., Inc. v. Albion Eng'g Co.,* Case No. 12–02999, 2024 WL 4471447, at *3 (D.N.J. Oct. 10, 2024) (referring to motions for reconsideration). Keeping with this practice is warranted where, as here, there is no authority before me that states that the failure to pay *pro hac vice* fees renders judgment void.

The same result extends to Fox's alleged misrepresentations of his involvement in the company. Defendants baldly claim that Judge Kugler was misled without substantiation. Defendants also argue that Judge Kugler's

resulting rulings were unjust, but that is insufficient to render his orders void. *See Njos v. United States*, Case No. 12–01251, 2016 WL 740919, at *3 (M.D. Pa. Feb. 25, 2016) ("While Plaintiff may believe that our ruling on his summary judgment motion was wrong, the judgment is not void.").

In sum, none of the actions cited by defendants constitute the sort of jurisdictional error that would warrant relief pursuant to Rule 60(b)(4). *See Azubuko v. Bunker Hill Cmty. Coll.*, 442 F. App'x 643, 645 (3d Cir. 2011) ("[A] judgment is void only 'if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by the law.'" (quoting *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978))).

Finally, defendants do not present an extraordinary circumstance that would justify relief under Rule 60(b)(6). *See Heriveaux*, 841 F. App'x at 504. Insofar as defendants seek relief from Judge Kugler's preliminary injunction order, they offer no explanation for waiting 15 months before filing their motion. *See Harris v. Greater Erie Cnty. Action Comm.*, 671 F. App'x 853, 855 (3d Cir. 2016) (noting that Rule 60(b)(6) motions are not subject to a one-year limitation period but must nonetheless be brought within a reasonable time).

More to the point, defendants are asking to be relieved of fee awards and orders that were the products of significant testimony and motion practice. Denying relief does not create an extreme or unexpected hardship. *See Alves v. Main*, 687 F. App'x 218, 219 (3d Cir. 2017) (affirming the district court's denial of Rule 60(b)(6) relief for failure to present extraordinary circumstances). I will therefore deny defendants' motion to void orders and fee awards.

### B. **Defendants' Motions for Reconsideration**

Defendants clarify that their earlier motions were premised on newly discovered post-injunction misconduct and assert that I mischaracterized their arguments as duplicative to what Judge Kugler had ruled upon. (Defs.' Mots.

Recons. pp. 2, 4.)  Judge Kugler's prior rulings did not support denial of relief under the law-of-the-case doctrine.  (*Id.* p. 5.)  Relatedly, defendants contend that I improperly disregarded their then-pending counterclaims and ruled while their motions for leave to amend were pending.  (*Id.* pp. 3–5.)  Finally, defendants argue that I overlooked the relevance of their requests for judicial notice and explain that they "were not asking the Court to infer intent or make factual findings, but simply to take judicial notice of a specific, verifiable communication in the record."  (*Id.* pp. 5, 6.)

Rastelli Plaintiffs are of the opinion that I was correct in my application of the law-of-the-case doctrine and judicial notice.  (Docket No. 23–02967, ECF No. 175 (Rastelli Pls.' Opp'n Br.) pp. 9–13.)  To the extent defendants rely on Rule 60(b), Rastelli Plaintiffs submit that such relief was not previously sought and that application of the rule is nonetheless untimely.  (*Id.* pp. 14, 15.)

DF Plaintiffs assert that defendants lack standing to make their underlying claims because they are not individual parties to the operating agreement.  (Docket No. 23–03126, ECF No. 165 pp. 4–6.)  The underlying claims also do not involve or seek relief from DF Plaintiffs.  (*Id.* pp. 6–8.)

To begin, Defendants appear to be operating under the mistaken belief that they may continue to file counterclaims throughout this litigation whenever new potential claims arise.  This belief can explain at least part of the apparent disconnect between my March 31, 2025 opinion and order and defendants' motions.  As of March 31, 2025, defendants had submitted standalone counterclaims.  (Docket No. 23–02967, ECF No. 162; Docket No. 23–03126, ECF No. 150.)  These standalone counterclaims were procedurally improper.  "Rule 13 … provides that crossclaims and counterclaims must proceed via pleadings …."  *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 243 (3d Cir. 2021).  Permitted pleadings are limited in number and do not include standalone counterclaims.  *See* Fed. R. Civ. P. 7(a); *see also*

9

*Russian Sch. of Mathematics, Inc. v. Sinyavin*, Case No. 23–08103, 2023 WL 6938294, at *4 (S.D.N.Y. Oct. 19, 2023) ("[A] party may not file a standalone counterclaim as its own pleading."); *Meierhenry Sargent LLP v. Williams*, Case No. 16–04180, 2019 WL 2105986, at *4 (D.S.D. May 14, 2019) ("[B]ecause Defendants have not asserted their Counterclaims within a pleading, the Counterclaims are not presently before the Court.").

Plaintiffs had not sought to dismiss the standalone counterclaims at the time of my March 31, 2025 opinion and order. Pre-motion letters were later filed. (Docket No. 23–02967, ECF No. 173; Docket No. 23–03126, ECF No. 163.) I thereafter struck defendants' standalone counterclaims as procedurally improper. (Docket No. 23–02967, ECF No. 178; Docket No. 23–03126, ECF No. 168.)[4]

---

[4] For similar reasons, I will deny defendants' motion for leave to file supplemental counterclaims (Docket No. 23–02967, ECF No. 181), which was filed while this opinion was being drafted. Defendants assert that they may file supplemental counterclaims pursuant to Rule 15(d) based on newly discovered evidence of alleged misconduct. (*Id.* pp. 3, 4.) Defendants run into the same problem as their initial attempt to file new counterclaims: "[R]ule 15(d) governs supplemental pleadings, and a standalone list of proposed counterclaims is not a pleading under [R]ule 7(a)." *Gallegos v. CitiMortgage, Inc.*, Case No. 21–00486, 2022 WL 656705, at *41 (D.N.M. Mar. 4, 2022) (concluding that Rule 15(a)(2) governed the defendants' attempt to amend their answer by adding counterclaims). Rule 15(a)(2) provides for leave to amend only with the opponent's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). However, I conclude that Judge Kugler's dismissal with prejudice of defendants' counterclaims takes their motion outside the constructs of Rule 15(a)(2). *See Bush v. Phila. Redevelopment Auth.*, Case No. 20–05631, 2022 WL 4225633, at *3 (E.D. Pa. Sept. 13, 2022) (finding that the plaintiff could not invoke Rule 15(a) to amend his complaint because his complaint was dismissed with prejudice and "[a]lthough Rule 15 vests the District Court with considerable discretion to permit amendment … the liberality of the rule is no longer applicable once judgment has been entered." (quoting *Ahmed v. Dragovich*, 297 F.3d 201, 207–08 (3d Cir. 2002))). A post-judgment motion to amend is properly considered as a motion to alter or amend judgment pursuant to Rule 59(e) or relief from judgment pursuant to Rule 60(b). *Lacey v. City of Newark*, 828 F. App'x 146, 150 (3d Cir. 2020). For reasons described in this decision and my March 31, 2025 opinion, I find no reason to belatedly reconsider the decisions of Judge Kugler.

Defendants' allegations of new, post-injunction misconduct were never properly before me as counterclaims. Defendants were thus left with their original counterclaims. (Defs.' Counterclaims.) These counterclaims were dismissed with prejudice by Judge Kugler, who himself relied in part on the law-of-the-case doctrine. (Apr. 23, 2024 Op. pp. 10–15.)

Defendants' arguments that I misapplied the law-of-the-case doctrine and disregarded their new allegations are thus unavailing. Similarly, because I denied the motions to appoint, I also denied the related motions for leave to amend as moot. (Mar. 31, 2025 Op. p. 11 n. 5.) This was because the motions for leave to amend merely clarified the parties for whom relief was sought, not the substance of the requested relief. (*Id.*) Defendants' claim now that they were "await[ing] clarification from the Court as to whether [they] could proceed in that capacity without raising concerns about representation," (Defs.' Mots. Recons. p. 3) does not prompt me to revisit my denial.

This leaves me with defendants' arguments as to judicial notice. It is admittedly difficult to understand what defendants are seeking. They seem to want the Court to take notice of the subject email's existence, but not draw any facts from it. This ignores the purpose of Federal Rule of Evidence 201. *See* 21B Kenneth W. Graham, Jr. & Daniel D. Blinka, Fed. Prac. & Proc. Evid. § 5103 (2d ed. 2025) ("Rule 201 only applies when a court takes judicial notice of 'adjudicative facts.' Facts that are judicially noticed must be relevant under Rule 401 as well as meet the stringent reliability requirements of Rule 201." (citations omitted)). Therefore, to the extent that the email is relevant to the merits of any issue properly before the Court—and it appears primarily intended to rebut opposing counsel's representation about the parties' communications—defendants were not entitled to the relief they sought in their

11

original motion and are not entitled to it now on reconsideration. Defendants' motions for reconsideration will therefore be denied.[5]

### C. Rastelli Plaintiffs' Request for a Filing Injunction

Finally, Rastelli Plaintiffs ask that I institute a filing injunction to prevent defendants from flooding the docket with meritless submissions. (Rastelli Pls.' Opp'n Br. pp. 16, 17.) Defendants do not address this request in their reply brief. (Docket No. 23–02967, ECF No. 177.)

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Pursuant to the All Writs Act, district courts may impose filing injunctions. *See Gupta v. Wipro Ltd.*, 765 F. App'x 648, 651 (3d Cir. 2019). Filing injunctions against *pro se* litigants are to "be approached with caution." *Id.* A court issuing a filing injunction must 1) enter the order only in exigent circumstances "such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions," 2) give notice to the litigant to show

---

[5] Defendants cite Rule 60(b)(3) in their motions for reconsideration. (Defs.' Mots. Recons. pp. 4, 6.) To the extent that defendants argue that Rule 60(b)(3) provided grounds for relief for their original motions, motions for reconsideration may not be used to raise arguments that could have been presented previously but were not. *Rich*, 294 F. Supp. 3d at 272. Defendants argue that their motions should be read liberally due to their *pro se* status, but their prior motions sought judicial notice of an email and to appoint a receiver and forensic accountant—not relief from a final order or judgment. *See Carnevale v. Superintendent Albion Sci*, 654 F. App'x 542, 549 n. 8 (3d Cir. 2016) (finding that—even when liberally interpreted—the *pro se* plaintiff's brief did not state a *Brady* claim). Insofar as Rule 60(b)(3) is cited to support the pending motions, "[t]o prevail on a Rule 60(b)(3) motion, a 'movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case.'" *Singleton v. Beadle*, 839 F. App'x 671, 674 (3d Cir. 2021) (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)). I find no such fraud or misconduct warranting relief.

12

cause why the injunction should not be issued, and 3) narrowly tailor the injunction to fit the circumstances of the case. *Id.*

I agree with Rastelli Plaintiffs that defendants' frequent filings have had a dilatory effect. I am not yet satisfied that they have been filed with dilatory intent. Defendants' filings since these cases have been reassigned to me have expressed some of the challenges and misunderstandings that they have encountered since proceeding *pro se*. I have read these expressions as genuine and this opinion is intended to correct lingering confusion.

Defendants are advised, however, that "a litigant's *pro se* status cannot act as a shield against filing injunctions." *Shaikh v. Dep't of Banking & Ins., Div. of Ins.*, Case No. 19–14092, 2025 WL 1248934, at *8 (D.N.J. Apr. 30, 2025). Though I conclude here that exigent circumstances do not yet exist and defendants have not received adequate notice of a possible injunction, Rastelli Plaintiffs' request is denied without prejudice. Defendants are placed on notice that future meritless, repetitive filings may lead me to reach a different conclusion upon a future application by plaintiffs. *See id.* (denying the defendants' request for a filing injunction without prejudice but placing the plaintiff on notice of the court's power to issue an injunction).

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion to void orders and fee awards (Docket No. 23–03126, ECF No. 133), motions for reconsideration (Docket No. 23–02967, ECF No. 171; Docket No. 23–03126, ECF No. 160), and motion for leave to file supplemental counterclaims (Docket No. 23–02967, ECF No. 181) will be DENIED. An appropriate order accompanies this opinion.

    */s/ Edward S. Kiel*
EDWARD S. KIEL
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2025